## Tax Review Board v. Weiner

Karl I. Schofield and James L. J. Pié, Assistant City Solicitor, and David Berger, City Solicitor, for tax review board.

Abraham Weiner, p. p., for defendant.

Bok, P. J., October 24, 1957.—This is an appeal from a decision of the tax review board sustaining, except for one minor particular, bills for excess water and sewer rent issued against four properties operated by petitioner. Originally the city sought to bill defendant for the years back through 1944. However, city council has since passed an ordinance directing that there be no billing for the period prior to January 1, 1952 (Ordinance of City Council of October 12, 1955) and, consequently, we are concerned only with charges for water used after that date. Apparently the bills were issued in 1955 and apply only to water consumed through 1954.

During much of the period under consideration the water meters on petitioner's properties were not registering. The city therefore seeks to recover on the basis of an estimated consumption computed by multiplying the average daily water consumption of each

particular property, determined over a substantial period following the installation of a new meter, by the number of days the original meter on the property was not registering. (For the property located at 1118 West Susquehanna Avenue, the average was taken for the 363-day period extending from March 5, 1954, to March 3, 1955.)

Throughout the proceedings petitioner chose to plead his own case rather than employ counsel. This was indeed unfortunate for, other than that he does not want to pay the bills, I find it difficult to comprehend his position. The issues in the case are principally two: First, may the city bill for excess water used in prior years? Second, may such bills be based on the type of estimate used here?

It is well settled that bills for water and sewer rent are not taxes. On the contrary, they are charges for providing a product and the relationship is essentially contractual: Shirk v. Lancaster City, 313 Pa. 158, 172-73 (1933). See Manheim Township Supervisors v. Workman, 350 Pa. 168, 174 (1944). Thus there is no problem of retroactive taxation and the city may recover on any claims on which the statute of limitations has not run: Philadelphia v. Charleston, 8 D. & C. 2d 689 (1956).

The method of estimating water consumption adopted here has received judicial approval in prior cases: Philadelphia v. Goetz, 71 D. & C. 500 (1950). See Philadelphia v. Charleston, supra. The effect of the introduction of the estimate is to shift to defendant the burden of producing evidence tending to show that the estimate does not fairly reflect the amount of water actually used. This is a fair procedure, first, because defendant is more likely to have evidence on the amount of water consumed, and second, being in possession of the meter, it would hardly be wise to allow defendant to profit from its being broken. As peti-

tioner offered no evidence from which it might be inferred that the estimate was unfair or inaccurate, I see no reason to reverse the decision of the tax review board.

The appeal is dismissed.